STEWART, J.
_JjDefendants-Appellants GEICO Indemnity Company (hereinafter referred to as “GEICO”) and State Farm Mutual Automobile Insurance Company (hereinafter referred to as “State Farm”) are appealing a trial court judgment awarding damages *1115 to Plaintiff-Appellee, Katherine Felts (hereinafter referred to as “Felts”). We affirm in part and remand.
FACTS AND PROCEDURAL HISTORY
On October 2, 2009, at approximately 9:16 p.m., Felts and Edward Ashby (hereinafter referred to as “Ashby”) were involved in a motorcycle-automobile accident. Felts was a passenger on the motorcycle, which was driven by Ashby southbound on Barksdale Boulevard near its intersection with Interstate 20 (hereinafter referred to as “1-20”). As they reached the intersection, Lawrence Casey attempted to make a left turn onto 1-20 in his vehicle, without the proper green arrow signal. Attempting to avoid the collision, Ashby quickly laid the motorcycle down.
Even though Ashby’s motorcycle never collided with Casey’s vehicle, both Felts and Ashby suffered injuries from the accident. Felts, who was 52 years old at the time, was thrown off the motorcycle, which resulted in her hitting her right hip and the right side of- her rib cage area on the handlebar of the motorcycle. She also hit her right arm as she landed on the ground.
Following the accident, Felts began to experience pain in her right side, mostly in her chest and her ribs. Felts’ daughter and son-in-law picked up Felts and Ashby from the accident scene and transported them to the emergency room at Christus Schumpert Highland, where Felts was |2examined and X-rays of Felts’ chest, cervical spine, right knee, and right hip were taken. She was discharged with medication and advised to follow up with her primary care physician.
On October 12, 2009, Felts was seen by her primary care physician, Dr. Eric Smith, at Shreveport Internal Medicine. She complained of soreness in her right chest and back areas. Dr. Smith advised that she continue with her initial medical regimen until a previously scheduled routine wellness visit on October 27, 2009. At the October 27 routine wellness visit, Dr. Smith conducted an urinalysis that determined that Felts suffered from a microscopic hematuria. Dr. Smith recommended that she see a urologist.
Felts was subsequently treated by Dr. Kevin Cline, a general urologist who specializes in female urology, at Regional Urology. At her initial visit on November 6, 2009, Dr. Cline took a sample for a cytology, which is a test designed to detect abnormal cells, and asked that she return on November 13, 2009, to conduct additional tests. On November 13, Dr. Cline conducted a CAT scan of the abdomen and pelvis that yielded normal results. He also conducted a cytoscopy, a procedure where the bladder wall is examined internally with a small flexible telescope, that also yielded normal results. He also informed Felts that the November 6 cytology yielded normal results.
On September 9, 2010, Felts and Ashby filed suit, seeking damages for the injuries they sustained from the accident, against Lawrence Casey and his automobile insurer, Hartford Insurance Company (hereinafter | {¡referred to as “Hartford”); Ashby’s insurer, GEICO; and, Felts’ uninsured motorist insurer, State Farm. Prior to trial, Felts and Ashby settled with Hartford for its $10,000 liability limits. Felts proceeded to trial against GEICO for uninsured/underinsured coverage on Ashby’s motorcycle, and State Farm for economic-only uninsured motorist coverage.
The bench trial commenced on February 28, 2012. Before trial, all parties stipulated to the $10,000.00 payment made by Hartford. Felts introduced the records *1116 and bills of her treating physicians. Also, Ashby’s claims were dismissed.
The trial court found that Felts was injured when she was thrown off the motorcycle, and that she was without fault in causing and/or contributing to her injuries. General damages in the amount of $5,400.00 and special damages in the amount of $11,921.26 were awarded. The special damages included $6,286.12 for Felts’ treatment at Regional Urology, and $90.00 for testing at the Delta Pathology Group, LLC. The trial court assessed the general damages in the amount of $5,400.00 to GEICO. It also assessed $4,600.00 of the special damages award to GEICO, and $7,321.26 of the special damages award to State Farm.
Both GEICO and State Farm appeal the trial court’s judgment.
LAW AND DISCUSSION

Damages

In GEICO’s second assignment of error, it argues that the trial court erred in rendering judgment awarding certain medical specials and damages to Felts that were not proven at trial and contradictory to the findings of the |4trial court as expressed in its opinion. Similarly, in State Farm’s first assignment of error, it argues that the trial court erred in awarding medical specials for urological treatment received by Felts. We will discuss these two assignments together.
A trial court’s factual findings are accorded great weight and may not be disturbed by a reviewing court in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Marshall v. Caddo Parish School Bd., 32,373 (La.App. 2 Cir. 10/29/99), 743 So.2d 943. Furthermore, it is the factfinder’s duty to weigh credibility and to accept or reject all or part of a witness’s testimony. As such, where there is conflict in testimony, reasonable evaluations of credibility should not be disturbed on appeal. Rosell, supra.
In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757. The test for determining a causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by trauma suffered in the accident. Id.
The medical evidence must show that there is a “reasonable possibility” of a “causal connection” between the accident and the disabling condition. Morris v. Allstate Ins. Co., 25,148 (La.App. 2 Cir. 2/23/94), 632 So.2d 1209, writ denied, 94-1044 (La.6/17/94), 638 So.2d 1099. Or, the medical evidence must show that the nature of the accident, when combined [ awith other facts of the case, raises “a natural inference” through human experience that such a causal connection does exist. An exact medical diagnosis is not required. Id. Notably, a plaintiffs disability is presumed to have resulted from the accident if, before the accident the injured person was in good health, but subsequently the symptoms of a disabling condition appear and continuously manifest themselves thereafter, provided that the medical evidence establishes a reasonable possibility of a causal connection between the accident and the disabling condition. Marshall, supra.
Dr. Kevin Cline, a specialist in urology, treated Felts on November 6 & 13, 2009, and February 10, 2010. He concluded that Felts had a microscopic hematuria, but after conducting several tests, did not find *1117 a pathologic cause for it. In his deposition, Dr. Cline opined that if Felts’ microscopic hematuria resulted from trauma, it should have been resolved by the February 10, 2010, visit. However, he conceded that “if someone was in a motorcycle where they lay a motorcycle down, they can have some form of internal bleeding that will manifest itself in the urine.”
The trial court noted:
On November 6, 2009, Plaintiff was seen at the Regional Urology where impression of microscopic hematuria was observed. After several return visits for reexaminations and observations, Plaintiff’s diagnosis was persistent microscopic hematuria without identifiable cause despite the fact that her doctor was aware that Plaintiff had been injured in an October, 2009, motorcycle accident.
The trial court described Felts as “a 52-year-old, healthy, alert employed person at the time of the accident.” We note that Dr. Eric Smith, Felts’ primary care physician, acknowledged that Felts has been his patient |r,since September 10, 2007, and that all of the urinalyses conducted before and after October 27, 2009, have yielded negative results.
In denying Felts’ bad faith claims for penalties, the trial court noted:
This Court acknowledges the legal principles that insurers owe a high duty to its own insured and when insurers fail to pay valid claims fairly and promptly, penal statutes governing insurers should be broadly interpreted and applied. However, in this instant action, Plaintiff has failed to meet her burden that the medical evidence showed a reasonable possibility of a causal connection between the accident and her injuries. Specifically, the cause for Plaintiffs microscopic hematuria could not be identified and any injury to Plaintiffs plastic surgery was probable but necessitated no treatment. All other injuries suffered by Plaintiff as a result of the motorcycle accident had to be determined.
Based on this language in the trial court’s opinion, GEICO argues that the award for medical expenses related to urological treatment is inconsistent with the findings of the trial court. It believes that it is an error to award damages for medical expenses not causally related to the subject accident. After reading the trial court’s judgment carefully in its entirety, we disagree with this assertion. The trial court determined that Felts’ bad faith claims against GEICO and State Farm alleging failure to pay were not proven, since she failed to meet her burden that the medical evidence showed a reasonable possibility of a causal connection between the accident and her injuries. Further, it noted that injuries suffered by Felts as a result of the accident had to be determined.
As recognized earlier in the discussion portion of this opinion, the trial court found that Felts was a healthy 52-year-old prior to the accident. Dr. Smith testified in his deposition that all of Felts’ urinalyses conducted before and after October 27, 2009, have yielded negative results in her 17routine wellness visits. We believe that this evidence, coupled with the fact that Felts developed microscopic hematuria after the October 2, 2009, accident, clearly supports the trial court’s decision to award Felts special damages related to the treatment for her microscopic hematuria by Dr. Cline, in the amount of $6,286.12, and $90.00, for tests that were ordered by Dr. Cline. These two assignments are without merit.

Assessment of Damages

In GEICO’s first assignment of error, it asserts that the trial court erred *1118 in failing to recognize and give credit for the liability limit and payment made by Hartford in the amount of $10,000, when it rendered judgment against it and State Farm. State Farm asserts this assignment as well, and adopts GEICO’s argument.
GEICO argues that the trial court did not give credit for Hartford’s payment in its calculation of damages against it and State Farm. GEICO believes that the trial court should have acknowledged this payment and reduced any such award and corresponding damages payable by it and State Farm in the amount of $10,000.00. In its answer to Felts’ petition, GEICO stated:
GEICO Indemnity Company specifically avers that it is entitled to a credit on any judgment rendered against it to the full extent of any other policy of insurance issued and/or available to the plaintiff, Edward Ashby, for the alleged damages at issue herein.
The tortfeasor and the uninsured motorist carrier are obliged to the same thing. An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the |ssoIidary obligors relieves the others of liability toward the obligee. La. C.C. art. 1794. A tortfeasor is obliged to repair the damage that he has wrongfully caused to the innocent automobile accident victim. La. C.C. art. 2315; Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). The supreme court in Hoefly stated:
An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. When these characteristics result from the provisions of law, as in the case of the obligation of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration.
The supreme court further explained in Hoefly that the uninsured motorist carrier is obliged differently from the tortfeasor because its liability is conditioned by the tortfeasor’s total or partial lack of liability insurance, the type of damage he has caused and any limits on the insurer’s policy that are permitted by law. Hoefly, supra.
In calculating the general damage award of $5,400.00, the trial court included an amount to compensate Felts for the approximate five month period she was examined, observed, and treated for her physical pain and suffering. This amount was assessed to GEICO. In calculating the special damage award of $11,921.26, the trial court determined the following amount to be appropriate:
Christus Schumpert Highland $1,709.14
Texas Trail Emerg. Physicians $592.00
Diagnostic Imaging Assoc., L.L.C. $245.00
Shreveport Internal Medicine $270.00
Bostwick Laboratories, Inc. $150.00
Red River Consultants $318.00
Regional Urology $6,286.12
Willis-Knighton South $2,261.00
|9The Delta Pathology Group, L.L.C. $90.00
TOTAL $11,921.26
*1119 It assessed $4,600.00 of the special damages to GEICO, and $7, 321.26 of the special damages to State Farm. We find that the damage award issued by the trial court, totaling $17,321.26, is reasonable.
In the transcript from trial, all of the parties made the following stipulation:
Your Honor, we also have a stipulation that Mr. Lawrence Casey was covered by a policy of liability insurance issued by Hartford, and that the policy provided — it as a ten-twenty policy providing $10,000 in coverage, and that the $10,000 had been paid to Ms. Felts and the claims against Hartford and Mr. Casey were dismissed on those grounds.
Additionally, the trial court noted its opinion that Felts had resolved her claims with Hartford, further stating:
Now having considered the evidence, stipulations, arguments, of counsel, and law, this court now makes the following findings of facts which culminates with the determination of the amounts for damages.
The amount of coverage available under the Hartford policy, amounting to $10,000.00, is less the amount of damages suffered by her. Although GEICO, State Farm and Harford are solidary obligors, GEICO and State Farm’s liability is conditioned by the Casey’s partial lack of liability insurance with Hartford. Although the trial court noted that the claims against Hartford were resolved, and that it considered the stipulations presented, it did not “condition” State Farm and GEICO’s liability by deducting the $10,000.00 Hartford payment from the $17, 321.26 damage award, or clarify how it applied to the general and special damages ⅛]_^ awarded. Therefore, we remand the case so that the trial court can amend and clarify its calculation of the damages award to include a $10,000.00 credit for the Hartford payment, and reassess the damages to GEICO and State Farm.

Assessment of Damages to State Farm

In State Farm’s third and final assignment, it contends that the trial court erred in assessing damages to State Farm, since State Farm’s economic-only uninsured motorist coverage policy was secondary to GEICO’s uninsured/underinsured motorist policy, and the total amount of damages awarded by the trial court was less than the combined $20,000 in coverage of the Hartford and GEICO policies.
Our findings in the previous assignment require that we remand this case for a revised calculation of the damages award, and pretermit this assignment.
CONCLUSION
For the reasons discussed above, we affirm the part of the judgment awarding Felts damages for the injuries she sustained in the accident. Further, we remand this case to the trial court so that it may amend its calculation of the damages award to include a $10,000.00 credit for the Hartford payment, and reassess the damages to GEICO and State Farm.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.