BROWN, Chief Judge.
|! Plaintiff-Appellant, Katherine Felts, was injured in a motorcycle accident. Felts was riding as a passenger on the motorcycle. The other vehicle involved in the accident was insured by Hartford Insurance Company. Hartford paid its policy limits of $10,000. Following a bench trial against the uninsured/underinsured carriers, Felts was awarded $17,321.26. On appeal, a different panel of this court remanded the case “so that the trial court could amend and clarify its calculation of the damages award to include a $10,000 credit for the Hartford payment, and reassess the damages to GEICO and State Farm.” On remand, the trial court credited the Hartford payment and reduced the damage award to reflect the $10,000 payment. Felts has appealed. For the reasons stated herein, we affirm.

Facts and Procedural Background

On October 2, 2009, Katherine Felts and Edward Ashby were involved in a motorcycle accident. Felts was a passenger on the motorcycle, which was driven by Ash-by, when it entered the intersection at *446 Barksdale Boulevard and Traffic Street in Bossier City, Louisiana. As Felts and Ashby reached the intersection, Lawrence Casey, who was operating his 2007 Mazda MXS, suddenly made a left turn in front of the motorcycle. In an attempt to avoid colliding with Casey’s car, Ashby laid the motorcycle down. As a result, Felts incurred injuries.
On September 9, 2010, Felts and Ashby filed suit seeking damages for the injuries they sustained from the accident against Casey and his automobile insurer, Hartford Insurance Company; Ashby’s uninsured motorist insurer, GEICO; and Felts’ uninsured motorist insurer, State Farm. Prior to trial, Felts and Ashby each settled with Hartford for its $10,000 | pliability limits. All of Ashby’s claims were dismissed. Felts reserved her rights against GEICO and State Farm.
A bench trial commenced on February 28, 2012. The trial court found in favor of Felts and awarded her $17,321.26 for general and special damages. The trial court specifically awarded general damages in the sum of $5,400 and special damages in the amount of $11,921.26. Geico was assessed its uninsured limits of $10,000 and State Farm was assessed $7,321.26. Defendants, Geico and State Farm, appealed.
On March 6, 2013, this court rendered an opinion stating: “Although the trial court noted that the claims against Hartford were resolved, and that it considered the stipulations presented, it did not ‘condition’ State Farm and Geico’s liability by deducting the $10,000 Hartford payment from the $17,321.26 damage award, or clarify how it applied to the general and special damages it awarded.”[1] As such, the case was remanded so that the trial court could amend and clarify its calculation of the damages award “to include a $10,000.00 credit for the Hartford payment.”
On remand, the trial court issued written reasons for judgment. The trial court clarified that it had contemplated the Hartford payment and intended its damages to be in addition to the $10,000 paid by Hartford, which would mean a $15,400 general damage award. In its conclusion, however, the trial court reduced its original award by $10,000. The trial court assessed $7,321.26 against GEICO and dismissed all claims against State Farm. On April 17, 2013, the trial court rendered its final written and signed judgment in which it decreed that Geico would be liable for damages |3in the amount of $7,321.26, and all claims against State Farm were dismissed.

Discussion

Appellant’s primary assignment of error is that “[t]he trial court erred when it misapplied the instructions rendered to it by the Court of Appeal, Second Circuit and deducted $10,000 from its previously rendered damage award despite its written amended opinion indicating its intent to render damages in addition to [the Hartford payment].”
The text of the trial court’s amended reasons for judgment states:
The March 6, 2013, Judgment rendered by the Court of Appeal, Second Circuit, remanded this matter to this Trial Court to calculate the damages award to include a $10,000.00 credit for the Hartford payment, and reassess the damages to Defendants, GEICO and STATE FARM. This Amended Opinion now complies with the mandate of the Court of Appeal, Second Circuit.
Notwithstanding, this Trial Court feels obligated to express regrets to the Court of Appeal, Second Circuit, and *447 the parties for not making its Original Opinion specifically clear that this Court’s determinations contemplated and intended its damages to be in addition to the $10,000.00 paid by Hartford. Obviously, this Court failed to adequately acknowledge the Hartford payment and articulate the calculation of the $10,000.00 credit in its assessments to Defendants, GEICO and STATE FARM. Perhaps had this Court adequately indicated said credit in its original conclusion, the Court of Appeal, Second Circuit, may have rendered a different judgment.
Based upon the above amended calculation, this Court makes the following conclusions regarding damages:
General and Special Damages: This Court concludes that the total damages in the amount of SEVEN THOUSAND THREE HUNDRED TWENTY-ONE AND 26/100 DOLLARS ($7,321.26) to be appropriately assessed to Defendant, GEICO.
Defendant, STATE FARM, is saved from any assessment of damages.
While we recognize the apparent contradictory language in the amended reasons, that the trial court intended its award to be in addition to |4the $10,000 paid by Hartford, and its ultimate conclusion that reduced the award to reflect the Hartford payment, there is no such contradictory language in the final written and signed judgment. The actual judgment of the trial court states, in pertinent part:
In compliance with [the Court of Appeal, Second Circuit’s] ruling: IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is rendered in favor of the Plaintiff, Katherine Felts, and against Defendant, GEICO in the amount of SEVEN THOUSAND THREE HUNDRED TWENTY-ONE AND 26/100 DOLLARS ($7,321.26)-and all claims against State Farm Mutual Automobile Insurance Company are hereby dismissed.[2] (Footnote ours).
Written reasons for judgment do not form part of the judgment and do not constitute a final judgment from which an appeal can be taken. Thibodeaux v. Winn-Dixie of Louisiana, Inc., 608 So.2d 673 (La.App. 3d Cir.1992). A final judgment can be inconsistent with the. written reasons for judgment. Written reasons for judgment are considered interlocutory rulings and do not carry the finality of a judgment. Ryan v. State Farm Mutual Automobile Insurance Company, 10-0961 (La.App. 1st Cir. 12/22/10), 68 So.3d 563, writ denied, 11-0172 (La.04/01/11), 60 *448 So.3d 1250. If disparity exists between the judgment and the written reasons for judgment, the final judgment is definitive. Thurman v. Thurman, 521 So.2d 579 (La.App. 1st Cir.1988).
In its judgment prior to remand, the trial court expressly awarded general damages in the amount of $5,400. Plaintiff is essentially arguing that the trial court intended to award general damages in the amount of $15,400. The original judgment of the trial court, however, clearly awarded $5,400 as general damages and this did not change in its amended judgment on remand. In the original appeal this court said:
In calculating the general damage award of $5,400.00, the trial court included an amount to compensate Felts for the approximate five month period she was examined, observed, and treated for her physical pain and suffering. This amount was assessed to GEICO ... We find that the damage award issued by the trial court, totaling $17,321.26, is reasonable.
Considering the definitiveness of the final judgment, regardless of any disparity that may exist with the trial court’s reasons for judgment, we find plaintiffs appeal to be without merit.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Katherine Felts.

. Ashby v. Casey, 47,761 (La.App. 2d Cir. 03/06/13), 111 So.3d 1113.

. La. R.S. 22:1295(l)(c): If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subparagraph (l)(a) of this Section, then such limits of liability shall not be increased because of multiple motor vehicles covered under such policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following with respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, and the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary.
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than'one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.